S. DENIER & SON, INC., Plaintiff, Respondent, *v.* SAMUEL SUDERMAN et al., Defendants, Appellants.

Supreme Court, Appellate Term, First Department, June 3, 1924.

**Pleadings — answer — reversible error to strike out defense upon assumption that defendants would fail in their proof and to refuse to hear their witnesses — " notice or actual knowledge " referred to in National Bankruptcy Act, § 17, subd. 3, may be proved by admissions or other proof without records of bankruptcy court.**

The " notice or actual knowledge " referred to in subdivision 3 of section 17 of the National Bankruptcy Act is a matter which may be proved by admissions or other proof and without the records from a bankruptcy court.

Accordingly, it is reversible error to strike out a defense in a pleading upon the assumption that the defendants would fail in their proof and to refuse to hear their witnesses, where it appears that the defendants' witnesses might have given such testimony of " notice or actual knowledge " so as to render it proper to afford the defendants a further opportunity to produce the official records of the bankruptcy court which had confirmed a composition.

APPEAL by defendants from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, rendered in favor of the plaintiff.

*Louis Horwitz,* for the appellants.

*Teitelbaum & Jay (Louis Jay,* of counsel), for the respondent.

*Per Curiam.* The defense should not have been stricken out. It was error to assume that defendants would fail in their proof and to refuse to hear their witnesses. That a composition had been confirmed in the bankruptcy court had been indicated by the testimony of plaintiff's witness and that of counsel for plaintiff. Defendants' witnesses might have given such testimony of " actual knowledge " as to render it proper to afford defendants a further opportunity to produce the official records. The " notice or actual knowledge " referred to in subdivision 3 of section 17 of the National Bankruptcy Act (30 U. S. Stat. at Large, 550, § 17, subd. 3, as amd. by 42 id. 354, chap. 22) was a matter which might have been proved by admissions or other proof and without the records from the bankruptcy court. Judgment reversed and a new trial ordered, with thirty dollars costs to appellants to abide the event.

All concur; present, GUY, GAVEGAN and MITCHELL, JJ.

Judgment reversed and new trial ordered.